In re KAHN.

(District Court, W. D. North Carolina, at Asheville. November 30, 1926.)

No. 475.

**1. Bankruptcy ⬅️407(5)—Bankrupt's failure to notify creditor of change in financial condition shown by previous financial statement held not to defeat discharge.**

Failure of bankrupt to notify creditor of material change in financial condition, in accordance with agreement on printed form of statement for obtaining credit made three years before any material change occurred, *held* not obtaining goods fraudulently so as to defeat discharge.

**2. Bankruptcy ⬅️407(5)—To prevent discharge, bankrupt must have obtained money or property on credit on materially false written statement.**

In order to prevent discharge in bankruptcy, bankrupt must have obtained money or property on credit on materially false statement in writing.

**3. Bankruptcy ⬅️414(1)—Bankrupt's evil intent in failing to notify creditor of change in financial conditions will not be presumed.**

Fraud and evil intent of bankrupt in failing to notify creditor of change in financial condition, according to agreement in financial statement made some three years previously, will not be presumed.

In Bankruptcy. In the matter of T. L. Kahn, bankrupt. On objections to discharge by the International Shoe Company, a creditor. Discharge granted.

Harkins & Van Winkle and Zeb F. Curtis, all of Asheville, N. C., for creditors.

Jones, Williams & Jones, of Asheville, N. C., for bankrupt.

WEBB, District Judge. Involuntary proceedings in bankruptcy against T. L. Kahn were begun on December 28, 1925, and on the 5th of January, 1926, he was adjudged a bankrupt. On the 12th day of April, 1926, he filed his petition for discharge, and on June 10, 1926, the International Shoe Company filed objections to his being granted a discharge. The matter was heard by a special master, a referee in bankruptcy, and in this hearing it was agreed that the objector is a creditor of the bankrupt and that it had an unsecured claim against the bankrupt in the sum of $1,623.04. It was further agreed by all parties in interest that on the 9th day of April, 1922, T. L. Kahn made a statement to the International Shoe Company for the purpose of obtaining credit, setting forth his assets and liabilities, and that said written statement at that time correctly reflected the financial condition of said bankrupt, and that from time to time thereafter the objector extended credit to the bankrupt.

[1] The above-mentioned statement for the purpose of obtaining credit, dated April 9, 1922, was made on a printed form, and at the end of said statement, which covers three or four pages, just above the signature of the bankrupt, in small, printed letters, appears the following: "The above statement is made for the purpose of obtaining credit from Roberts, Johnson & Rand, a branch of the International Shoe Company, now or hereafter, and the same shall stand good as to any subsequent purchases, unless there should be a material change, in which case [I or we] will notify them before making further purchases from them."

For three years and more the bankrupt continued to trade with objector without rendering any additional financial statement to the objector as to his business condition. In the meantime the bankrupt had disposed of his Liberty bonds, mentioned in the statement, amounting in value to something like $5,000, and on April 15, 1925, when credit was extended to him by the objector, he owed the sum of about $12,000, instead of $5,000, as reflected in his written statement of April 9, 1922. The discharge of the bankrupt is now opposed on the ground that the bankrupt was actuated by a fraudulent and corrupt motive when he obtained the goods, in that he failed to notify the objector of any material change in his business.

There is no controversy about the correctness of the written statement made in April, 1922, but the ground of the objection is that the bankrupt failed to carry out his promise to notify the objector in case of "any material change," and that the bankrupt obtained goods from the objector from May 15, 1925, to August 31, 1925, which it will be seen is more than three years from the time the written statement was made. No evidence was introduced tending to show that the objector had at any time after April, 1922, ever called the bankrupt's attention to the fact that it was giving him credit in the belief that his financial statement of that date continued to correctly state his financial condition.

The court approves the master's finding that there is no evidence that the bankrupt designedly and with corrupt intent undertook to deceive the objector for the purpose of obtaining goods from it from May 15 to August 31, 1925. There is no evidence that during the long period of three years after

the written financial statement was made the objector ever reminded the bankrupt of his statement made on April 9, 1922. It may fairly be concluded, and is so found, that the bankrupt knew in 1925 that his financial condition was not the same as it was in 1922, and it may also be fairly assumed and found as a fact that the objector continued to rely upon the statement of April, 1922.

[2, 3] It is well settled that, in order to prevent a discharge in bankruptcy, the bankrupt must have "obtained money or property on credit upon a materially false statement in writing." This brings us squarely to the question as to whether or not a broken promise in a written statement to notify the seller of goods of any material change in the future should prevent the discharge of the person promising to give such notice. The whole question hinges on this point, and indeed the objector only claims that Kahn promised to notify it of a material change and failed to do so. Clearly this is not such a breach of duty or such an act as will prevent the discharge of a bankrupt. It is no more than a broken promise to pay for goods when bought, or any other agreement to do a thing in the future. If the statement of April 9, 1922, had been false in material respects, and given for the purpose of obtaining credit, and with intent to defraud, then there might have been a continuing responsibility on the bankrupt, which might prevent his discharge; but that is not the case before us at all, because, as above stated, it is agreed that the financial statement in writing, when originally made, was a correct one, and the only charge against the bankrupt here is that he did not carry out his promise to report to the objector in the future any material change in his business.

Three years elapsed before there seems to have been a material change, and during this time it seems that the objector never asked for any written statement of the bankrupt's financial condition, and under these circumstances the objector cannot be sustained in his effort to prevent the discharge of the bankrupt. The promise at the end of the written statement was no more than an agreement to make a new written statement in the future in case a financial change took place. The failure to do so was no more than a broken promise, and, so far as the court has been able to find, there is no recorded case denying a bankrupt's discharge under such circumstances. During the lapse of three years, buying goods constantly from the objector, it is reasonable and charitable to assume that the bankrupt forgot (if he ever read the finely printed promise) to carry out his promise, and under such circumstances fraud and evil intent will not be presumed.

It is therefore ordered that the bankrupt receive his discharge.